**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | CIVIL ACTION NO. 09-646 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| EDWARD FOGEL, et al., | |
| Defendants. | |

**THE COURT** ordering the plaintiff to show cause why the action should not be transferred to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § ("Section") 1404 (dkt. entry no. 7, Order to Show Cause ("OTSC")); and the plaintiff insurer bringing this action in New Jersey Superior Court, Monmouth County, for a judgment declaring that the defendants' underinsured motorist policy ("Policy") provided coverage under the limits set by New Jersey — rather than Pennsylvania — law when the defendants' car accident ("Accident") occurred (dkt. entry no. 1, Compl.); and

**IT APPEARING** that the Accident occurred in Lebanon, Pennsylvania, which is within the United States District Court for the Middle District of Pennsylvania (id. at 2); and it appearing that the defendants were New Jersey citizens when the Policy was issued, but later became citizens of Schuylkill County, Pennsylvania — which is within the Middle District of Pennsylvania — and were Pennsylvania citizens when the action was

brought (id. at 1; dkt. entry no. 1, Rmv. Not. at 2); and it appearing that the issue here is whether the defendants took the necessary steps to "change . . . [the] New Jersey insurance policy to a Pennsylvania policy" (Compl. at 2); and it appearing that the plaintiff — which is deemed to be a Rhode Island citizen — is authorized to provide coverage in Pennsylvania (id. (stating procedure for converting Policy to Pennsylvania coverage); id., Ex. B, Pl. Employee Certifs. (showing plaintiff has Pennsylvania offices); Rmv. Not. at 2); and it appearing that the defendants timely removed the action under Section 1332; and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**THE COURT** pointing out that this action would have been more properly brought in the Middle District of Pennsylvania, where (1) the defendants live, (2) the Accident occurred, (3) the plaintiff may be found, (4) evidence will be found, and (5) citizens will have an interest in the outcome (see OTSC at 2);[1] and

**THE DEFENDANTS** supporting a transfer, and asserting that they no longer have any connection to New Jersey (dkt. entry no. 12, Defs. Br. at 2); and

---

[1] The defendants have objected to the New Jersey venue. (See dkt. entry no. 2, Answer at 6.)

**THE PLAINTIFF** arguing that the action should remain in New Jersey because its "personnel presently administering this claim, who undoubtedly will be witnesses in this matter, work out of [the plaintiff's] south New Jersey office in Mount Laurel, New Jersey" (dkt. entry no. 11, Pl. Resp. at 3); but it appearing that this argument is without merit because the plaintiff would have initially brought this action in state court in Burlington County, which encompasses Mount Laurel, rather than in Monmouth County if the convenience of its personnel presented a concern; and it further appearing that the argument is without merit because (1) the plaintiff has annexed certifications to the Complaint from four of its employees involved in the processing of the defendants' claims, and (2) three of those employees work in the plaintiff's offices in Pennsylvania (see Pl. Employee Certifs. (concerning two underwriting representatives working in Philadelphia, Pennsylvania, and one underwriting representative working in Pittsburgh, Pennsylvania)); and

**THE PLAINTIFF** arguing that the action should remain in New Jersey because it chose to proceed in New Jersey (Pl. Resp. at 3); but the Court giving the plaintiff's choice of venue less deference, as the plaintiff is not a New Jersey citizen, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); and

**THE PLAINTIFF** arguing that the action should remain in New Jersey because a district court will be required to interpret New

3

Jersey law (Pl. Resp. at 4); but it appearing that the action may be transferred to a Pennsylvania district court, even if issues must be addressed under New Jersey law, see Blizzard v. Fed. Ins. Co., No. 05-5283, 2007 WL 675346, at *1-*3 (E.D. Pa. July 17, 2007) (addressing underinsured motorist benefits under New Jersey law); Moss v. Fed. Ins. Co., No. 02-1046, 2003 WL 751003, at *7 (E.D. Pa. Mar. 5, 2003) (addressing uninsured motorist benefits under New Jersey law); Todd v. Liberty Mut. Fire Ins. Co., No. 00-2533, 2001 WL 33771, at *4-*6 (E.D. Pa. Jan. 12, 2001) (addressing underinsured motorist benefits under New Jersey law); and

**THE COURT**, upon balancing the factors here, intending to (1) grant the Order to Show Cause, and (2) transfer the action to the Middle District of Pennsylvania; and for good cause appearing, the Court will issue an appropriate Order.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: April 6, 2009